**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHER DISTRICT OF OHIO, EASTERN DIVISION**
**AKRON, OHIO**

| | |
|---|---|
| IN RE:<br><br>BRETT A. CAMPBELL<br><br>Debtor | Case No. 10-51406<br><br>CHAPTER 7<br><br>Judge: MARILYN SHEA-STONUM<br><br>**<u>OBJECTION TO THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION'S MOTION TO REOPEN CASE</u>** |

Now comes the Debtor, by and through the undersigned counsel, to object to Third Federal Savings and Loan Association's Motion to Reopen these proceedings. Movant's sole reason to reopen these proceedings is because of "mutual mistake as to the material terms of the agreement." However, Movant has not advanced what terms were mistaken by the parties.

In fact, no mistake existed between Movant and Debtor at the time Debtor signed the reaffirmation agreement, but between Movant and its counsel. The reaffirmation agreement was mailed to the undersigned on April 8, 2010, and was signed and filed by Attorney Beth Ann Schenz on June 1, 2010. Had Debtor been aware of any mistaken terms, such mistake would have been raised with Movant's Counsel prior to Debtor signing the reaffirmation agreement on May 25, 2010. However, at no time after Debtor filed his Bankruptcy and before Movant's Counsel filed the reaffirmation did any negotiation or discussion of the reaffirmation occur. Simply stated, Debtor was not aware of any mistaken terms despite what Movant claims.

During phone conversations with Attorney Scott Fink, who is employed by Weltman, Weinberg & Reis, it became evident that miscommunication existed between Movant and its Counsel during the creation of the reaffirmation agreement. Instead of admitting its mistake and dealing with its client directly, Movant's Counsel wishes to shift the blame to the Debtor, and

start a chain of events that would leave the Debtor unable to pay his mortgage, which he can currently afford under the terms of the reaffirmation that Movant has yet to abide by, despite the fact that the reaffirmation agreement was signed by both parties and properly filed with this Court.

Therefore, Debtor respectfully request Third Federal Savings and Loan Association's Motion be dismissed, and the Court require Movant to pay Debtor's attorney fees incurred while fighting this motion.

Respectfully Submitted

/s/ Justin C. Miller, Esq.
Justin C. Miller, Esq (0083276)
Counsel for Debtor
3443 Medina Road, Suite 101-E
Medina, Ohio 44256
(330) 952-1780        Phone
(330) 952-1779        Fax
justin@millerlegalohio.com
www.millerlegalohio.com

**CERTIFICATE OF SERVICE**

Copies of Debtor's Objection to Third Federal Savings and Loan Association's Motion to Reopen were sent to the following parties on December 8, 2010 via Electronic Mail:

Stephen Franks
Attorney for Movant
ecfndoh@weltman.com

Richard A. Wilson
Chapter 7 Trustee
buckeye56@sbcglobal.net

                                          /s/ Justin C. Miller, Esq.
                                          Justin C. Miller, Esq (0083276)
                                          Counsel for Debtor